PETROPLUS, JUDGE:
Ruth Young, claimant, as the owner of a parcel of real estate upon which two residential dwellings and several sheds had been erected, seeks damages in the amount of $8248.00 to her property in Lester, West Virginia, allegedly caused by the negligence of the Department of Highways, respondent, when it designed and constructed in the year 1964 what is known as West Virginia Route 54. The old route 54, on the side of a mountainous slope, was raised in elevation and a number of culverts were installed providing openings under the road for the drainage of water from the upper slope and the paved road down the hillside towards the claimant’s property and a small creek known as Surveyor Branch. The water so drained into Surveyor Branch passed under a secondary road known as Delta Route 145 through two oil drums which had never been quite adequate to carry the water during the wet seasons. Delta Route 145 was an access road to Route 54 and was taken into the road system of the State only for what has been termed “routine maintenance”. Claimant’s property abutted Delta 145 about 300 feet from where it intersected and joined Route 54. It was on the lower level of the slope, surrounded by a swampy area, and even before the upgrading of Route 54 was frequently flooded but never enough to cause substantial damage to the dwellings.
The new culverts under the new roadway discharged water on the upper slope about 200 or 300 feet from the claimant’s property. The water so discharged, seeking a lower level, eroded portions of the Delta Road and formed ditches leading to Surveyor Branch. One of the ditches formed by the front gate of the Young property.
*65 After the construction of the new road the flooding problem, particularly in times of heavy rain, became accentuated, and the claimant was frequently inconvenienced by large pools of water on her property. The State was notified about the conditions but disclaimed any responsibility for the natural flow of the water after its discharge from the culverts. The respondent’s investigation placed the blame for the flooding on the inadequate oil drums under the Delta Road, through which the Surveyor Branch passed, rather than on the culverts of the new road.
On August 12, 1972, the runoff of water after a particularly hard rain damaged the foundation of the main house, causing a bulge in the lower wall, sagging floors, warped doors, and other incidental damage to the dwelling. Water, sand and debris also damaged items of furniture, clothing and furnishings. Prior to this flood damage, after a heavy rain in March, 1972, about 90% of the topsoil on the Young property was eroded and washed away, and flooding occurred in another building owned by Mrs. Young.
In its Answer, the respondent admitted the flood damage was caused by inadequate drainage, but denied liability on the ground that the claimant had a perennial flooding problem even before Route 54 had been improved and upgraded. The respondent further takes the position that surface water is a common enemy, and flowing naturally, does not create any responsibility on the State for damages to lands adjacent to the flow.
At the hearing the evidence disclosed the State’s position to be untenable. The upgrading of Route 54 increased the flow of accumulated water substantially, throwing it towards the Young property and aggravating the preexisting condition. Numerous complaints were made by the neighbors concerning the inadequacy of the culverts, eventually reaching the top level of government, the Governor. The problem was ameliorated considerably by the State eventually installing a larger culvert under the Delta Road, which apparently has now solved the more serious aspects of the problem.
It is a finding of fact by this Court that the evidence preponderates in favor of the claimant and that in equity and good conscience she should be compensated for the damages to her property. It is the further finding of the Court that the Young property was located at a low point in a 300 acre drainage basin, and that the Surveyor Branch *66 formerly carried the natural flow of water under the Delta Road adjacent to the Young property through two oil drums 15 and 18 inches in diameter, which served their purpose with a minimum of flooding. After the upgrading of Route 54, and the installation of a series of culverts incidental to the improvement, the concentrated flow of water from the hillside and the new road increased substantially, and was directed in its flow towards the claimant’s property.
The construction of the belated improvement, which solved the problem, should have been foreseeable by the State Engineers when the drainage for the new Route 54 was designed. However, it appears that the State proceeded with the new construction in total disregard of the consequences it might have to the Young property. This, in the Court’s opinion, constituted negligence and a violation of the claimant’s property rights.
Appraisals were introduced as exhibits showing the market value of Mrs. Young’s property before and after the flood damage by both parties, with wide disparity in values.
We hold that the common enemy doctrine is not applicable to the facts of this case. The claimant is not complaining about the natural diffusion of surface water as the result of rainfall or melting snows. The respondent interfered with the natural flow of surface water by diverting, channeling and accelerating its flow with increased volume. The State in making public improvements has no more right than an individual to collect surface water into an artificial channel and precipitate it upon a neighbor to his substantial injury.
After the consideration of all the evidence, the conflicts in the testimony on the market value of the property before and after its damage, and all the circumstances relating to the culvert construction, it is the finding of this Court that the claimant is entitled to an award of $7300.00.
Award of $7300.00.